# IN THE UNITED STATED DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MATTHEW GAMEWELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Cause No. 4:21-cv-00523-PLC |
| | ) |
| LAFAYETTE INDUSTRIES NORTH, INC., | ) |
| | ) |
|     Defendant. | ) |

## DEFENDANT'S ANSWER AND
## ADDITIONAL DEFENSES TO PLAINTIFF'S PETITION

COMES NOW Defendant LAFAYETTE INDUSTRIES NORTH, INC. ("Defendant") by and through its undersigned attorneys, and for its Answer and Additional Defenses to Plaintiff's Petition, states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to its inherent authority to hear state and federal law claims. This action is authorized and instituted pursuant to Section 213.055, Section 213.070, and Section 213.111 of the MHRA, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e-(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

**RESPONSE**: *The allegations advanced in Paragraph 1 of Plaintiff's Petition constitute legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations contained in Paragraph 1 are denied.*

2.       The employment practices alleged to be unlawful were committed within the jurisdiction of the Circuit Court of St. Louis, pursuant to its inherent authority and pursuant to Title VII, 42 U.S.C. §2000e-5(f)(3) and the ADA, §12117(a) and 42. U.S.C. § 12203(a).

**RESPONSE**: *Defendant denies that there were any unlawful employment practices committed and further denies the remaining allegations as there appears to be a drafting error that renders Paragraph 2 incomprehensible; however to the extent an answer is required, the allegations contained in Paragraph 2 are denied.*

3.       Plaintiff, Matthew Gamewell, is a resident of Missouri and a former employee of Defendant, where he worked from 2017 until he was constructively discharged sometime after June 5, 2020, when he was suspended from work and never recalled to work since that time.

**RESPONSE**:

*Defendant is without sufficient information and belief as to whether Plaintiff is a resident of Missouri.  Further answering, Defendant denies the remaining allegations, including specifically that Plaintiff is a former employee of Defendant and that Plaintiff worked for Defendant at any time, contained in Paragraph 3 of Plaintiff's Petition.*

4.       At all relevant times, Defendant has been doing business in St. Louis County, Missouri continuously as a Missouri corporation, and has continuously had at least fifteen (15) employee.

**RESPONSE**:

*Defendant admits the allegations contained in Paragraph 4.*

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 213.010.8 of the MHRA, Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h), as well as the ADA, 42 U.S.C. § 12111(5) and (7).

**RESPONSE**:

*The allegations advanced in Paragraph 5 of Plaintiff's Petition constitute legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations contained in Paragraph 5 are denied.*

6. At all relevant times, Defendant has been a covered entity covered under Section 213.010.8 of the MHRA, Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**RESPONSE**:

*The allegations advanced in Paragraph 6 of Plaintiff's Petition constitute legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations contained in Paragraph 6 are denied.*

**ADMINISTRATIVE PROCEDURES**

7. On or about May 18, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Human Rights Commission alleging violations of the MHRA and the ADA by Defendant.

**RESPONSE**:

*Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Petition.*

8. On or about September 30, 2020, the EEOC issued to Plaintiff a Notice of Right to Sue and the MCHR issue Plaintiff a Notice of Right to Sue on or about December 17, 2020.

**RESPONSE**:

*Defendant is without sufficient information and belief as to whether the EEOC issued to Plaintiff a Notice of Right to Sue and the MCHR issued Plaintiff a Notice of Right to Sue on or about December 17, 2020 and as such denies same.*

9. All conclusions precedent to the institution of this lawsuit have been fulfilled.

**RESPONSE**:

*The allegations advanced in Paragraph 9 of Plaintiff's Petition constitute legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations contained in Paragraph 9 are denied.*

## STATEMENT OF CLAIMS

10. During the months of April, May and June, 2020, Defendant engaged in unlawful employment practices by creating a hostile work environment for Plaintiff because of Plaintiff's protected status as a qualified individual with a disability, and retaliating against Plaintiff for engaging in protected activities and by discriminating against Plaintiff, a qualified individual with a disability, when it constructively discharged him because of his disability, and/or because it regarded him as disabled, and/or because he had a record of disability, in violation of the MHRA, Section 213.055 and Section 213.070, and the ADA, 42 U.S.C. §12112(a) and 12112)b)(5)(B).

**RESPONSE**:

*Defendant denies each and every allegation contained in Paragraph 10 of Plaintiff's Petition.*

4

11. Lafayette Industries North, Inc. is located in St. Louis County, Missouri. It is a sheltered workshop for persons with disabilities. It has two facilities in the county: North Facility and West Facility. Plaintiff worked in the West Facility, beginning in 2017. His immediate supervisors were Kim Lamb, Employee Development Manager, and Rob Libera, the Executive Director of Defendant. Plaintiff, Lamb and Libera all worked in the West Facility.

**RESPONSE**:

*Defendant admits that its facility is located in St. Louis County, Missouri and that it is a sheltered workshop for persons with disabilities as advanced in Paragraph 11 of Plaintiff's Petition. Further answering, Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Petition.*

12. Plaintiff has two disabilities. Plaintiff suffers from an impairment that substantially limits him in the major life activity of seeing because he is blind in his central vision although he can see through his peripheral vision. This constitutes a "disability" under Section 3 of Title I of the ADA, 42 U.S.C. §12102, and under the MHRA. Plaintiff also has Joubert Syndrome. Joubert syndrome is a rare autosomal recessive genetic disorder that affects the cerebellum, an area of the brain that controls balance and coordination. As a result of Plaintiff's Joubert Syndrome, he is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8), and the MHRA. Plaintiff has physical impairments, of balance and coordination that impact his ability to walk when coupled with his vision limitations, that substantially limits him in the operation of major bodily functions, including functions of his neurological system. In addition, Plaintiff's physical impairments have substantially limited other major life activities as

defined by the ADA and the MHRA, including but not limited to, caring for himself, seeing, walking, standing, bending, and lifting.

**RESPONSE**:

*Defendant is without sufficient information or belief as to the allegations contained in Paragraph 12 of Plaintiff's Petition. To the extent further response is required, the allegations contained in Paragraph 12 are denied.*

13. Plaintiff worked for Defendant for three years and had not been disciplined for any workplace related issues.

**RESPONSE**:

*Defendant denies each and every allegation contained in Paragraph 13 of Plaintiff's Petition.*

14. Because of Plaintiff's disability, he has to pull his pants and underwear all the way to the floor to use the restroom. However, he does not require any assistance when using the restroom.

**RESPONSE**:

*Defendant is without sufficient knowledge, information or belief as to the allegations contained in Paragraph 14 of Plaintiff's Petition and therefore denies same.*

15. There is both a men's restroom and women's restroom located in the West Facility for employees with a disability to use. There is also an individual use restroom located in the West

6

257489.1

Facility. Lafayette forced Plaintiff to use the men's restroom, when he could have easily used the individual restroom.

**RESPONSE**:

*Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Petition.*

16. Kim Lamb frequently walked into the men's restroom when Plaintiff was using it. Her walking in on him violated his privacy and made him feel extremely uncomfortable.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 16 of Plaintiff's Petition.*

17. Plaintiff spoke to his mother, Alice Gamewell, about how uncomfortable this made him feel. Ms. Gamewell spoke to Rob Libera about stopping this behavior. Even though Plaintiff's complaint was brought to the attention of Rob Libera, the Executive Director of Defendant, Kim Lamb contained to walk into the men's restroom when Plaintiff used it.

**RESPONSE**:

*Defendant denies this allegation contained in Paragraph 17 of Plaintiff's Petition.*

18. Because of Plaintiff's disability, Defendant required Plaintiff to use a specific restroom, and it is in that restroom in which his workplace privacy was violated on a regular basis. If Plaintiff were able-bodied, he would be allowed to use the individual use restroom and be afforded his privacy.

**RESPONSE**:

*Defendant denies this allegation contained in Paragraph 18 of Plaintiff's Petition.*

7

19. After Plaintiff's mother spoke with Rob Libera and conveyed how uncomfortable he was with the situation, and asked that it stop, Defendant's agents began a course of harassment and retaliation for his protected activity.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 19 of Plaintiff's Petition.*

20. The following is a timeline of events from the beginning of April, 2020, after Plaintiff's mother spoke to Rob Libera about the situation:

**RESPONSE**:

*There are no factual allegations advanced in Paragraph 20 of Plaintiff's Petition and as such no responsive pleading is required. To the extent an answer is required, the allegations contained in Paragraph 20 are denied.*

21. On or about April 6, 2020, Kim Lamb followed Plaintiff into the restroom.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 21 of Plaintiff's Petition.*

22. On or about April 9, 2020, Rob Libera followed Plaintiff into the restroom to see if Plaintiff were using a stall.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 22 of Plaintiff's Petition.*

23. On or about April 14, 2020, Rob Libera followed Plaintiff into the restroom to see if Plaintiff was using a stall while Kim Lamb was standing by the restroom sink.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 23 of Plaintiff's Petition.*

24. On or about April 15, 2020, Rob Libera followed Plaintiff into the restroom on two occasions to see if Plaintiff was using a stall.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 24 of Plaintiff's Petition.*

25. On or about April 15, 2020, Rob Libera told Plaintiff that he looked "'like the devil and should go to hell."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 25 of Plaintiff's Petition.*

26. On or about April 16, 2020, Rob Libera followed Plaintiff into the restroom and stood by the stall.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 26 of Plaintiff's Petition.*

27. On or about April 16, 2020, while Rob Libera was greeting the other workers, he stated to Plaintiff that he will not say hello to Plaintiff anymore.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 27 of Plaintiff's Petition.*

257489.1

28. On or about April 17, 2020, Rob Libera followed Plaintiff into the restroom and stood by the stalls.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 28 of Plaintiff's Petition.*

29. On or about April 20, 2020, Rob Libera followed Plaintiff into the restroom to see if he were using the stall.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 29 of Plaintiff's Petition.*

30. On or about April 21, 2020, Rob Libera blocked the restroom door as Plaintiff attempted to go into the restroom and said to Plaintiff, "I do not care what you think," in regard to him being present while he used the restroom.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 30 of Plaintiff's Petition.*

31. On or about April 22, 2020, Rob Libera told Plaintiff on two occasions that he cannot wait for Plaintiff to leave Lafayette Industries, Inc.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 31 of Plaintiff's Petition.*

32. On or about April 22, 2020, Rob Libera was in the restroom as Plaintiff attempted to use it.

257489.1

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 32 of Plaintiff's Petition.*

33. On or about April 23, 2020, Rob Libera stated, "I cannot wait until you are fired from Lafayette Industries."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 33 of Plaintiff's Petition.*

34. On or about April 23, 2020, Rob Libera stated to Plaintiff, while he was using the restroom, "'I am going to take a picture of you."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 34 of Plaintiff's Petition.*

35. On or about April 25, 2020, Plaintiff's attorney from Missouri Protection and Advocacy Services, Thomas Herring, sent a cease and desist letter to Lafayette. (The letter was delivered on April 27, 2020, and the letter also filed a grievance according to Lafayette's policies).

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 35 of Plaintiff's Petition.*

36. On or about April 28, 2020, Kim Lamb told Plaintiff that Plaintiff was a "'slacker and do not work hard enough."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 36 of Plaintiff's Petition.*

11

37. On or about April 29, 2020, Plaintiff heard Kim Lamb say, "I can't wait until Matt's butt is gone."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 37 of Plaintiff's Petition.*

38. On or about April 30, 2020, Plaintiff heard Kim Lamb say, "I can't wait until Matt is out of Lafayette" and that "Matt needs to leave Lafayette."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 38 of Plaintiff's Petition.*

39. On or about April 30, 2020, as Plaintiff was entering the restroom stall, Rob Libera stood in front of Plaintiff in his central vision, which caused Plaintiff to bump into him (this occurred on two occasions during the same restroom break – before Plaintiff entered the stall and after he left the stall)."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 39 of Plaintiff's Petition.*

40. On or about April 30, 2020, Plaintiff heard Rob Libera say, "I am going to take a picture of Matt when he is not looking."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 40 of Plaintiff's Petition.*

41. On or about May 1, 2020, Plaintiff heard Rob Libera say that he was "going to take a picture of Matt."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 41 of Plaintiff's Petition.*

42. On or about May l, 2020, Rob Libera told Plaintiff "I was a jerk."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 42 of Plaintiff's Petition.*

43. On or about May 1, 2020, when Plaintiff was at lunch, Rob Libera stated to him, "I have a bone to pick with you."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 43 of Plaintiff's Petition.*

44. On or about May l, 2020, on two occasions, Kim Lamb relayed to Plaintiff that it would be better if he were not at Lafayette.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 44 of Plaintiff's Petition.*

45. On or about May 5, 2020, Plaintiff heard Rob Libera say, "Matt is a jerk" and to not believe him."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 45 of Plaintiff's Petition.*

46. On or about May 5, 2020, Kim Lamb told Plaintiff that he should "go to hell," that I am '"a bastard," and that she "cannot wait until you are dead and in your grave."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 46 of Plaintiff's Petition.*

47. On or about May 5, 2020, Plaintiff went to the Emergency Room because he was suffering from severe panic attacks due to Lafayette's treatment toward Plaintiff.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 47 of Plaintiff's Petition.*

48. On or about May 7, 2020, Plaintiff heard Kim Lamb say that she wishes he "was dead" and "in his coffin."

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 48 of Plaintiff's Petition.*

49. On or about May 7, 2020, Plaintiff heard Rob Libera say he was going to "follow him" into the restroom.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 49 of Plaintiff's Petition.*

50. On or about May 13, 2020, Plaintiff was told that he cannot stand while at his workstation and that he need to be sitting. (Plaintiff has scoliosis in his back and has always gone back and forth between sitting and standing to relieve the back pain).

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 50 of Plaintiff's Petition.*

51. On or about May 13, 2020, Josiah Shedd, an able-bodied employee, physically stopped Plaintiff and searched his personal side bag that is attached to his belt (Plaintiff always wears a bag when he is at work and did so while he was employed at Lafayette. This bag contains personal belongings and is his personal property).

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 51 of Plaintiff's Petition.*

52. On or about June 5, 2020, Defendant suspended Plaintiff from his position and has not returned him to work since that date despite inquiry by Plaintiff's family regarding his employment status.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 52 of Plaintiff's Petition.*

53. Because of Plaintiff's disability, Lafayette required him to use a restroom in which his personal privacy was violated, even though he does not need assistance with toileting. After making his concerns known to Lafayette, and after filing a grievance according to Defendant's policies, Lafayette escalated its offensive behavior towards Plaintiff, which is unlawful retaliation for his protected activity in opposing disparate treatment based upon disability, including, but not limited to his suspension on or about June 5, 2020.

Case: 4:21-cv-00523-SEP   Doc. #:  7   Filed: 05/07/21   Page: 16 of 19 PageID #: 57

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 53 of Plaintiff's Petition.*

54.   All of the acts taken by Defendant described above is discrimination due to Plaintiff's blindness and Joubert Syndrome, which are qualifying ADA and MHRA disabilities, and retaliation for having participated in protected activities and is all in violation of the ADA and Title VII, and the MHRA, as amended.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 54 of Plaintiff's Petition.*

55.   The effect of the practices complained of in paragraphs ten (10) through fifty-two (52) above has been to deprive Plaintiff, an employee covered by the ADA and Title VII, and the MHRA of equal employment opportunities and otherwise adversely affected his status as an employee because of his disability.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 55 of Plaintiff's Petition.*

56.   The unlawful employment practices complained of in paragraphs ten (10) through fifty-two (52) above were and are intentional.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 56 of Plaintiff's Petition.*

257489.1

57. The unlawful employment practices complained of in paragraphs ten (10) through fifty-two (52) above were done with malice or with reckless indifference to the protected rights of the Plaintiff.

**RESPONSE**:

*Defendant denies the allegation contained in Paragraph 57 of Plaintiff's Petition.*

58. Further answering, Defendant specifically denies each and every factual allegation advanced within Plaintiff's Petition not specifically admitted herein.

59. Further answering, Defendant specifically denies that Plaintiff is entitled to any of the relief sought within Plaintiff's Petition.

## ADDITIONAL DEFENSES

1. Defendant was never Plaintiff's employer.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. The Court lacks subject matter jurisdiction over all claims in the Petition under the Americans with Disabilities Act (ADA) and Missouri Human Rights Act which were not asserted by Plaintiff in a timely Charge of Discrimination directed to Defendant.

4. Plaintiff's claims under the ADA and MHRA are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies with respect to some or all of his claims brought under the statutes.

5. Plaintiff's claims for compensatory and punitive damages under the ADA and MHRA are subject to the applicable statutory limitations.

6. Plaintiff cannot allege or establish sufficient facts to permit or entitle Plaintiff to recover punitive damages and any award of punitive damages would violate Defendant's rights under the United States Constitution, including without limitation, the Due Process Clause, the Takings Clause and/or the Equal Protection Clause.

7. Plaintiff's damages, if any, must be offset for failing to be available to work, by failing to actively and earnestly search for work, by forgoing wages and benefits which could have been earned with reasonable diligence, and/or his successful mitigation by obtaining other employment for which he earned income and received other benefits.

8. All or part of Plaintiff's claims are barred by the doctrines of waiver and estoppel.

9. Plaintiff's prayer for equitable remedies, if any, are not triable to a jury.

10. Plaintiff's damages, if any, should be barred under the after acquired evidence doctrine in the event that Defendant learns information concerning Plaintiff applicable to and supporting said defense.

WHEREFORE, Defendant having answered Plaintiff's Petition and having set forth its Defenses, respectfully requests that the Petition be dismissed in its entirety, at Plaintiff's cost, and for such other and further relief as may be appropriate, including an award of attorneys' fees incurred in the defense of this action.

257489.1

Respectfully submitted,

McMAHON BERGER, P.C.


 */s/      Robert D. Younger        
Robert D. Younger, #42909MO
Christine S. Coleman #58828MO
2730 North Ballas Road, Suite 200
St. Louis, Missouri  63131
(314) 567-7350
(314) 567-5968 (facsimile)
younger@mcmahonberger.com
coleman@mcmahonberger.com

Attorneys for Defendant


## CERTIFICATE OF SERVICE

I certify that on May 7, 2021 I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Missouri by using the CM/ECF system and that a copy of the foregoing was served via first class mail, postage prepaid, upon the following:

Matthew J. Ghio, MO #44799
Ghio Law Firm, LLC
3115 S. Grand Blvd, Suite 100
St. Louis, MO 63118
Tel: (314) 707-5853
Fax: (314) 732-1404
matt@ghioemploymentlaw.com

Attorney for Plaintiff


 */s/ Robert D. Younger*