**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MATTHEW GAMEWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | No. 4:21-CV-00523-SEP |
| | ) | |
| LAFAYETTE WORK CENTER, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court is Defendant's Motion for a Rule 35 Mental Examination.  Doc. [28].
For the reasons set forth below, the Motion is denied.

Plaintiff Matthew Gamewell filed his First Amended Complaint on August 11, 2021,
alleging violations under the Missouri Human Rights Act (MHRA), the Americans with
Disabilities Act (ADA), and the Civil Rights Act of 1991.  Doc. [16] at 1.  Defendant filed this
Motion on October 20, 2021, requesting that the Court order Plaintiff to submit to a psychiatric
evaluation and interview with Dr. Elizabeth Pribor.  *See* Doc. [28-3] at 1-2.  On November 9,
2021, the Court held a motion hearing and requested further briefing, which both parties timely
provided.  Docs. [36]; [42].

Rule 35 of the Federal Rules of Civil Procedure provides that a court may, for good
cause, order a party to submit to a physical or mental examination where the party's mental or
physical condition is "in controversy."  Fed. R. Civ. P. 35(a).  The movant bears the burden of
making an affirmative showing that both elements ("good cause" and "in controversy") are
satisfied.  *Gierer v. Rehab Medical, Inc.*, 2016 WL 3346568, at \*3 (citing *Schlagenhauf v.
Holder*, 379 U.S. 104, 118-19 (1964)).  "District courts are accorded wide discretion in dealing
with discovery matters."  *Id.* (citing *Centrix Financial Liquidating Trust v. National Union Fire
Ins. Co of Pittsburg, PA*, 2013 WL 3225802, at \*2 (E.D. Mo. June 25, 2013)); *see also Biermann
v. Sizewise Rentals*, 2014 WL 718048, at \*2 (E.D. Mo. Dec, 17, 2014) (citing *Misc. Docket
Matter No. 1 v. Misc. Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (noting that
"judges should not hesitate to exercise appropriate control over the discovery process.").

1

The Court finds that Defendant has not shown good cause for the requested psychiatric examination.  At its hearing on the motion, the Court instructed Defendant to provide references to cases in which courts found that a psychiatric examination was appropriate where a plaintiff had requested damages for past emotional suffering.  Defendant failed to do so.  Instead, Defendant cites *Gierer v. Rehab Medical* to show that this Court once held that a psychiatric examination was appropriate where a plaintiff alleged that he suffered "severe" symptoms, panic attacks, and that his emotional distress was "ongoing."  *See* Doc. [36] at 3 (citing *Gierer,* 2016 WL 3346568, at *3).  Defendant argues that Plaintiff's clarification that he is seeking damages only for past emotional suffering, *see* Doc. [39] at 9, is irrelevant because Defendant "has no way of knowing what time frame" Plaintiff suffered the emotional distress.  The Court finds that argument unpersuasive.  On that theory, there would be good cause to compel a plaintiff to undergo a medical examination whenever that plaintiff seeks relief based on emotional distress, even if the plaintiff does not claim that his distress is ongoing.  The Court is unwilling to endorse such a broad maxim, particularly because Defendant provides no case law supporting it.

Second, Defendant argues that there is good cause to require the psychiatric evaluation because Plaintiff's pre-existing mental conditions may be relevant and admissible evidence that he is unable to provide truthful testimony.  Doc. [36] at 4.  Even assuming that is true, however, Defendant has failed to show that an extensive psychiatric examination, such as the one it proposes, is justified in light of other discoverable documents relevant to the same issue.  *See Schlagenhaut*, 379 U.S. at 118 ("The ability of the movant to obtain the desired information by other means is also relevant.").  Plaintiff has offered Defendant the opportunity to examine medical records from treatment that occurred contemporaneously with Plaintiff's discrimination claims.  *See* Doc. [42] at 3.  Defendant has not shown that such discovery is insufficient to assess Plaintiff's alleged pre-existing medical conditions.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Lafayette Work Center, Incorporated's Motion for a Rule 35 Mental Examination (Doc. [28]) is **DENIED.**

Dated this 24th day of November, 2021.

_Sarah E. Pitlyk_
_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

2